UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CASSIUS DALEY,

                Plaintiff,

-against-

NYCNYPD COMMISSIONER WILLIAM
BRATTON; DETECTIVE REBECCA
ASMAN, 113th Pct., #1356,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
16 CV 3157 (LDH)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 02 2016 ★
BROOKLYN OFFICE

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Cassius Daley, who is currently incarcerated at the George R. Vierno Center ("GRVC") at Rikers Island, filed this *pro se* action on June 10, 2016 requesting monetary damages pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

The following facts are derived from the complaint and are taken as true for the purpose of this memorandum and order. Plaintiff alleges that on April 11, 2009, a murder was committed and that Defendant Asman edited a video to make it appear that Plaintiff committed the crime. (Compl. at pg. 4, ECF No. 1.) Plaintiff argues that, although the prosecutor was aware that there were irregularities with the evidence in the criminal action, the prosecutor allowed Plaintiff to plead guilty to the charges. (*Id.* at pg. 6). Plaintiff further alleges that William Bratton, the Police Commissioner of the City of New York, failed to properly train defendant Asman. Plaintiff seeks monetary damages. (*Id.* at pg. 7.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1)-(2); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing the dismissal provision in 15 U.S.C. § 1915A(b)); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but also mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and as such, the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (describing liberal construction of *pro se* pleadings); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (same); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008) (same).

2

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial") (internal citations omitted).

## DISCUSSION

### I.      Plaintiff's § 1983 Claims

Section 1983 itself creates does not create any substantive rights, but rather "provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To maintain a § 1983 action, Plaintiff must first allege that "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Filarksy v. Delia*, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."). Second, he must allege

3

that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547; *Bailey v. City of New York*, 79 F. Supp. 3d 424, 440 (E.D.N.Y. 2015) (same). For the foregoing reasons, Plaintiff has failed to state a plausible claim for relief against either Defendant.

## II. Claims Challenging Plaintiff's Conviction

Civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). To recover damages for an allegedly unconstitutional conviction, imprisonment, or other harm caused by unlawful actions that would render a conviction or sentence invalid, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87. Consequently, claims for damages are not cognizable under § 1983 if the related conviction or sentence has not been invalidated, a concept which has become known as the "favorable termination" rule. *Foster v. Diop*, No. 11-CV-4731, 2013 WL 1339408, at *7 (E.D.N.Y. Mar. 31, 2013) (citing *Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006)).

Here, Plaintiff's allegations do not comport with the favorable termination rule. Plaintiff acknowledges that he entered a plea of guilty to the charges against him, and he has not alleged that the conviction has been overturned or otherwise invalidated. Accordingly, Plaintiff's § 1983 claim relating to his underlying state criminal action is precluded under *Heck* and must be dismissed. 28 U.S.C. § 1915A(b)(1) (providing that a court shall dismiss a complaint if it fails to state a claim upon which relief may be granted).

### III. Claims Against William Bratton

Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no *respondeat superior* or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978)); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

"Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). Here, plaintiff has not pleaded any facts to demonstrate Commissioner Bratton's personal involvement in any of the violations asserted in his complaint. Accordingly, Plaintiff's claims against Commissioner Bratton must be dismissed.

### IV. Statute of Limitations

Finally, Plaintiff's claim is barred by the statute of limitations. The applicable limitation period for a § 1983 action is derived from the general or residual statute of limitations for personal

injury actions under the laws of the forum state. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, the statute of limitations for a § 1983 action is three years. N.Y. C.P.L.R. § 214(5); *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (applying New York's three-year statute of limitations); *Cornado v. City of New York*, No. 11-cv-5188, 2014 WL 4746137, at *3 (S.D.N.Y. Sept. 24, 2014) (same). A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action. *Milan*, 808 F. 3d at 963; *Bastien v. Samuels*, No. 14-cv-1561, 2014 WL 5306016, at *3 (E.D.N.Y. Oct. 15, 2014). Here, the incident that forms the basis of this action occurred in 2009. Therefore, because the events giving rise to this claim occurred more than three years before Plaintiff filed his complaint, his action is barred by the statute of limitations.

The Court ordinarily would allow Plaintiff an opportunity to amend his complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (noting that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the opportunity to amend his complaint unless the court can rule out any possibility that an amended complaint would succeed in stating a claim). The Court need not afford that opportunity here, however, where it is clear from Plaintiff's submission that there is no viable basis for his claim and that any attempt to amend the complaint would be futile. *See Ashmore v. Prus,* 510 Fed. Appx. 47, 49 (2d Cir. 2013) (leave to amend is futile where "barriers to relief cannot be surmounted by reframing the complaint"); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where better pleading would not cure the complaint's substantive deficiencies).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
       2016                       SO ORDERED

                                        LaSHANN DeARCY HALL
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CASSIUS DALEY,

                Plaintiff,

-against-

NYCNYPD COMMISSIONER WILLIAM
BRATTON; DETECTIVE REBECCA
ASMAN, 113th Pct., #1356,

                Defendants.
-------------------------------------------------------------x

**CIVIL JUDGMENT**
16 CV 3157 (LDH)

      Pursuant to the order issued _____ by the undersigned, dismissing the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), it is

      **ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

                                                   s/ LaShann DeArcy Hall
                                                   LASHANN DEARCY HALL
                                                   United States District Judge

Dated: Brooklyn, New York
          2016